■ In the Matter of the REPORT OF THE APRIL 1980 GRAND JURY OF THE SUPREME COURT OF FULTON COUNTY.: DISTRICT ATTORNEY OF THE COUNTY OF FULTON, Respondent; A PUBLIC OFFICIAL NAMED IN THE ABOVE-ENTITLED REPORT, Appellant. — Appeal from an order of the Supreme Court at Special Term (Harvey, J.), entered August 20, 1981 in Fulton County, which accepted and sealed, pending further proceedings, Report No. 2 of the April 1980 Fulton County Grand Jury. The April 1980 Fulton County Grand Jury embarked upon an investigation concerning the Police Department of the City of Johnstown. As a result of that investigation, it issued three reports. Report No. 2, rendered pursuant to CPL 190.85 (subd 1, par [a]), which is the subject of this appeal, dealt with alleged acts of misconduct by a specifically named member of that department. The report, read on its face, is so defective and deficient that it must be permanently sealed. First, its findings regarding "misconduct * * * by a public servant" are insufficient to constitute a "basis for a recommendation of removal or disciplinary action" (CPL 190.85, subd 1, par [a]). The findings portion of the report consists of four paragraphs, three of which refer to separable instances of misconduct. Clearly, the last two of these paragraphs do not constitute findings of misconduct at all, but merely recitals of accusations made by various witnesses without indicating whether the Grand Jury accepted their testimony. The first paragraph, dealing with an incident when the officer while on duty allegedly forced himself sexually on a young female, is ambiguous to the extent that it cannot clearly be determined whether the statements contained therein are findings or also merely descriptions of the testimony of witnesses. The findings of misconduct are made even more inconclusive by statements in the recommendations portion of the report, which recommend that the Johnstown Common Council "investigate" the various matters alluded to in the findings and "if the Common Council finds that [the named policeman] is indeed guilty of these acts, he is unfit to carry on as a police officer". With findings thus so palpably inadequate, we are unable to determine whether the report meets the requirements of the statute that it be "supported by the preponderance of the credible and legally admissible evidence" (CPL 190.85, subd 2, par [a]). The additional recommendation that the officer be dismissed as a member of the police department must also fail. Since the Grand Jury failed to make conclusive findings with respect to the alleged acts of misconduct discussed in the report, it is impossible to determine whether the foregoing recommendation was based upon those acts, or other acts of misconduct, nonfeasance or neglect of official duties not referred to in the report. For all of the foregoing reasons, the report may not be accepted and must be permanently sealed. Order modified, on the law, by directing that Grand Jury Report No. 2 be forever sealed, and, as so modified, affirmed, without costs. Mahoney, P. J., Sweeney, Main, Weiss and Levine, JJ., concur.